# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ROBERT HLAVAC,** | CASE NO. 8:03CV368 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| **HOP KEE PYROTECHNICS, LTD.,** a California company, **POOR BOY'S FIREWORKS,** a Missouri company, **CHINA QINGCAO FIREWORKS MFG. CO. LTD.,** a Chinese company, and **LARRY FLANAGAN,** | |
| Defendants. | |

This matter is before the Court on a motion for summary judgment filed by Defendants Larry Flanagan and Poor Boy's Fireworks ("Poor Boy's") (Filing No.90), following the filing of the Second Amended Complaint ("Complaint") (Filing No. 48).[1] The matter has been fully briefed, and the Court has considered the evidence submitted, including the depositions of Defendant Larry Flanagan (Filing No. 92, Ex. 3), and Plaintiff Robert Hlavac (Filing No. 93, Ex. 1).

The Complaint alleges that Hlavac suffered personal injuries on July 3, 2002, in Omaha, Nebraska, when he ignited a firework that he purchased from Poor Boy's. (Complaint ¶¶ 8-12; Deposition of Robert Hlavac, Filing No. 92, Ex. 1, hereafter "Hlavac Depo." at 6:2-4, 12:3-10 ). Flanagan owns and operates Poor Boy's as a sole

---

[1] The Plaintiff's Motion to Amend the Second Amended Complaint is denied as unnecessary. (Filing No. 99). After liberally construing Plaintiff's Second Amended Complaint, the Court finds the Plaintiff placed Defendant Larry Flanagan on sufficient notice as to Plaintiff's claims against Flanagan, in his capacity as the owner and operator of Poor Boy's Fireworks. The Federal Rules of Civil Procedure do not require the Plaintiff to plead an agency relationship with particularity. *BP Chemicals Ltd. V. Jiangsu Sopo Corp.*, 285 F.3d 677 (8th Cir. 2002). Counts I-IV of the Second Amended Complaint will be denied as duplicative.

proprietorship in Rockport, Missouri. (Complaint ¶ 7; Deposition of Larry Flanagan, Filing No. 92, Ex. 3, hereafter "Flanagan Depo." at 9:17-25).[2] Hlavac claims Flanagan is liable under theories of negligence, failure to warn, and intentional tort for failing to ensure that Hlavac had the required license and permit to purchase, transport and use the firework at issue. (*Id.* ¶¶ 13-35, 68-90).

This matter is before the Court based on diversity jurisdiction under 28 U.S.C. § 1332. There is diversity of citizenship because Hlavac is a resident of Nebraska; Defendant, Flanagan, resides in Missouri; and Flanagan's sole proprietorship, Poor Boy's, is located in Missouri. (Complaint ¶¶ 1,3,5). Plaintiff alleges that the damages for his personal injuries exceed $75,000. (*Id.* ¶ 6).

### *Standard*

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324-25.

---

[2] Flanagan & Poor Boys will be referred to collectively as "Flanagan." throughout this Memorandum and Order.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

### *Background*

Flanagan owns and operates Poor Boy's Fireworks in Rockport, Missouri. (Filing No. 92, Ex. 3, hereafter, "Flanagan Depo." at 9:17-25). Poor Boy's is a sole proprietorship. (Flanagan Depo. at 9:17-25). Hlavac claims that he purchased fireworks from Poor Boy's on or around June 22, 2002. (Complaint ¶¶ 7,8). Hlavac suffered injuries to his eye and face when he ignited one of the fireworks on July 3, 2002, in Omaha, Nebraska, and it exploded less than three feet off the ground. (Complaint ¶¶ 10-12; Hlavac Depo. at 6:2-4, 12:3-10).

According to Flanagan, customers must have a license and permit to purchase Class B fireworks, but Flanagan's employees did not check for such licenses and permits. (Flanagan Depo. at 25:12-21). When customers purchased "chrysanthemums," the type of Class B firework that injured Hlavac, Flanagan told his employees to instruct customers on how to re-fuse and light the fireworks. (*Id.* at 26:3-25). Flanagan's employees were supposed to provide six inches of visco, a substitute fusing, for every chrysanthemum purchased. (*Id.* at 27:12-14). Hlavac did not have a license or permit to purchase Class B fireworks, and he claims he did not know the difference between Class B and Class C fireworks prior to his injury. (Hlavac Depo. at 8:20 -9:7). Further, Hlavac alleges he did not know it was illegal for him to purchase this type of firework. (*Id.* at 57:6-10). Hlavac claims he did not receive substitute fuse material or instructions on how to re-fuse and light the firework. (*Id.* at 46:5-21).

Hlavac stated that he followed the instructions of a Poor Boy's employee on the construction of a launching device for the firework. (*Id.* at 28:5 -29:11). Hlavac ignited the same type of firework prior to the night of his injury from the same launching device without incident. (*Id.* at 51:12-17). A month after his injury, Hlavac ignited another firework of the same type that injured him, without incident; however, this time he used substitute fusing from other fireworks to extend the fuse. (*Id.* at 51:12-17, 54:7 -55:6).

Hlavac claims Flanagan is liable under theories of negligence, failure to warn, and an intentional tort for selling the firework to Hlavac without ensuring Hlavac had the necessary license or permit. (Complaint ¶¶ 13-35, 68-90).

## *Discussion*

***Negligence***

Because this matter is before the Court by way of diversity jurisdiction, the Court will apply the substantive law of the forum. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). For personal injury claims, Nebraska follows the Restatement (Second) of Conflict of Laws § 146 (1971). *Malena v. Marriott Intern., Inc.*, 651 N.W.2d 850 (Neb. 2002). Hlavac is a resident of Nebraska, and his injury occurred in Nebraska; therefore, Nebraska's negligence law is controlling. Restatement (Second) of Conflict of Laws § 146 (1971).

In a negligence action, a plaintiff must establish a duty of the defendant not to injure the plaintiff, a breach of that duty, proximate causation, and damages. *Koltes v. Visiting Nurse Assn.*, 591 N.W.2d 578 (Neb. 1999). Although neither party has specifically addressed the duty element, I find there are genuine issues of material fact regarding whether Flanagan owed a duty to Hlavac. The type of firework that injured Hlavac is called a chrysanthemum. (Hlavac Depo. at 20:10-21:2). Flanagan stated that chrysanthemums are Class B fireworks. (Flanagan Depo. at 23:19-24:7). In both Nebraska and Missouri, fireworks formerly categorized as Class B fireworks are now called "display fireworks." 320.106(5), RSMo 2000; Neb. Rev. Stat. § 28-1241(8). Both states limit the sale of display fireworks to persons holding an appropriate permit or license. 320.126(2), RSMo 2000; Neb. Rev. Stat. § 28-1239.01(2) (2004).

Hlavac did not have a permit to purchase display fireworks. (Hlavac Depo. at 8:20-23). Furthermore, Flanagan admits that he and his employees did not check for permits or licenses to purchase display fireworks. (Flanagan Depo. at 25:12-21). Because both

5

Nebraska and Missouri require buyers to have a permit to purchase fireworks such as the chrysanthemum, there is an inference that this type of firework is more dangerous than fireworks that do not require a permit.  Additionally, Flanagan told his employees to give instructions to purchasers of display fireworks on how to re-fuse and light the fireworks. (*Id.* at 26:3-25).  For these reasons, I find a genuine issue of material fact as to whether Flanagan owed a duty to Hlavac to ensure Hlavac had the appropriate permit and whether Flanagan had a duty to give instructions on re-fusing and lighting the firework to Hlavac, who did not hold the appropriate permit or license.

On the issue of proximate causation, Flanagan argues that a defect in the firework caused Hlavac's injuries, rather than any failure to instruct or warn on the part of Flanagan. (Filing No. 98 at 9).  However, Hlavac stated that neither Flanagan nor his employees instructed Hlavac on the proper re-fusing or lighting of the firework.  (Hlavac Depo. at 46). I find genuine issues of material fact regarding whether such instructions, if given and followed, would have prevented or minimized Hlavac's injuries.  Flanagan's motion for summary judgment on the issue of negligence is denied.

### *Contributory Negligence*

In Nebraska, contributory negligence has been abrogated by comparative negligence.  *Tadros v. City of Omaha*, 694 N.W.2d 180 (Neb. 2005) (citing *Aguallo v. City of Scottsbluff*, 678 N.W.2d 82 (Neb. 2004)).  A plaintiff's damages are diminished proportionately by any contributory negligence on the part of the plaintiff.  Neb. Rev. Stat. § 25-21,185.09 (2004).  However, if the plaintiff's contributory negligence is equal to or greater than the negligence of the defendant, the plaintiff is barred from recovery. *Id.*"  The

purpose of comparative negligence is to allow triers of fact to compare relative negligence and to apportion damages on that basis." *Aguallo v. City of Scottsbluff*, 678 N.W.2d 82 (Neb. 2004) (citing *Baldwin v. City of Omaha*, 607 N.W.2d 841 (Neb. 2000)).

Flanagan argues that Hlavac was negligent in the following ways: failing to heed the warning label on the firework; constructing the launching device contrary to instructions given by Flangan's employee at the time of purchase; failing to follow instructions regarding re-fusing and lighting the firework; and illegally igniting a firework within Omaha. (Filing No. 98 at 11). Flanagan contends Hlavac's alleged negligence is equal to or greater than negligence on the part of Flanagan. (*Id.* at 12). Hlavac alleges that he followed the instructions Flanagan's employee gave him regarding the launching devise. (Hlavac Depo. at 28-29 ). Hlavac further alleges he was not given instructions regarding re-fusing and lighting the firework. (Hlavac Depo. at 47). I find that genuine issues of material fact remain regarding whether Hlavac received and followed instructions. Similarly, I find genuine issues of material fact exist regarding whether Hlavac was negligent, and if so, whether Hlavac's negligence was greater than or equal to Flanagan's negligence. Flanagan's motion for summary judgment on the issue of comparative negligence is denied.

### *Assumption of the Risk*

In order to invoke assumption of the risk as an affirmative defense the defendant must prove: (1) the plaintiff knew of and understood the specific danger, (2) the plaintiff voluntarily exposed himself or herself to the danger, and (3) the plaintiff's injury or death or the harm to property occurred as a result of his or her exposure to the danger.   Neb.

Rev. Stat. § 25-21,185.12.

Flanagan argues that Hlavac assumed the risk of igniting the fireworks due to Hlavac's prior experience with fireworks. (Filing No. 98 at 13). Additionally, Flanagan claims his employee, along with the warning label on the firework, warned Hlavac of the firework's danger. (*Id.*). Hlavac denies that Flanagan's employee gave him instructions on the proper re-fusing and lighting of the firework. (Hlavac Depo. at 47). Furthermore, Hlavac stated he did not know the difference between Class B and Class C fireworks prior to his injury. (*Id.* at 8-9). For these reasons, I find there is a genuine issue of material fact regarding Hlavac's awareness and appreciation of the risk involved with this particular firework, making summary judgment on this issue inappropriate.

***Intentional Tort***

In Count XIV of the Complaint, Hlavac attempts to allege an intentional tort as a result of Flanagan's failure to ensure that Hlavac possessed a license to purchase, transport or use the type of firework that Flanagan allegedly sold Hlavac. (Complaint ¶ 34). In contrast, Hlavac now argues in his brief that Flanagan is liable for an intentional tort because Flanagan failed to give substitute fusing to Hlavac and failed to instruct Hlavac on re-fusing and lighting the firework. (Filing No. 94 at 9). Hlavac further alleges that Flanagan's conduct was reckless to such a degree that it would constitute an intentional tort. (*Id.*). The cases cited by Hlavac to support this proposition involve claims of intentional infliction of emotional distress and the intentional tort of bad faith, unlike Hlavac's Complaint which alleges an intentional tort for failure to ensure Hlavac had the required license to purchase the fireworks. *See Brandon ex rel. Estate of Brandon v.*

*County of Richardson,* 624 N.W.2d 604, 620 (Neb. 2001); *Weatherly v. Blue Cross Blue Shield Ins. Co.*, 513 N.W.2d 347 (Neb. App. 1994); and *Rasmussen v. Benson*, 280 N.W. 890 (Neb. 1938).

Hlavac failed to allege which particular intentional tort Flanagan committed Furthermore, Hlavac failed to allege sufficient facts to constitute an intentional tort. *See Kawaauhau v. Geiger,* 523 U.S. 57, 61 (1998) (distinguishing intentional torts from negligent or reckless torts and stating intentional torts generally require that the actor intend the consequences of an act, and not simply the act itself). I find there are no genuine issues of material fact regarding Hlavac's intentional tort claim. Flanagan's motion for summary judgment on the claim of intentional tort is granted.

### *Conclusion*

Hlavac's motion to amend the Second Amended Complaint is denied because it is unnecessary. (Filing No. 99) Furthermore, Counts I-IV are dismissed as duplicative. (Complaint ¶¶ 13-35). Because I find genuine issues of material fact regarding Hlavac's claims of negligence and failure to warn, Flanagan's motion for summary judgment is denied with respect to these claims. (*Id.* ¶¶ 68-87). Flanagan's motion for summary judgment on the intentional tort claim is granted. (*Id.* ¶¶ 88-90)*.*

For the reasons stated in this memorandum,

IT IS ORDERED:

1. Defendant Larry Flanagan's Motion for Summary Judgment (Filing No. 90) is granted in part and denied in part, as follows: Flanagan's Motion for Summary Judgment is granted with respect to Count XIV of Robert Hlavac's

      Second Amended Complaint, regarding the intentional tort claim (Filing No. 48 ¶¶ 88-90);

2.   The Court finds that there are genuine issues of material fact remaining for the jury regarding the claims of negligence and failure to warn, Counts XI-XIII of Hlavac's Second Amended Complaint (Filing No. 48 ¶¶ 68-87);

3.   The Court finds that there are genuine issues of material fact for the jury regarding Flanagan's affirmative defenses of contributory negligence and assumption of the risk (Filing No. 53 ¶¶ 40, 41; Filing No. 91);

4.   Hlavac's Motion to Amend the Second Amended Complaint (Filing No. 99) is denied as unnecessary; and

5.   Counts I-IV of the Second Amended Complaint (Filing No. 48 ¶¶ 13-35) are dismissed as duplicative.

DATED this 10th day of August, 2005.

                                BY THE COURT:

                                s/Laurie Smith Camp
                                United States District Judge